RICHARDSON *vs.* GURNEY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

An execution cannot be quashed and set aside, on the return of the sheriff that the defendant has deposited the money in his hands, conditionally, to await the decision on an attachment of the debt, by the debtor himself, in a suit against the plaintiff in execution.

Where a party obtains a judgment on a rule, in which he has mistaken his remedy, the judgment will be reversed, and the rule discharged, at his costs in both courts.

The plaintiff obtained a judgment against the defendant for four hundred and ninety-six dollars, with interest and costs. Execution was issued thereon; on which the sheriff

returned that the defendant had deposited in his hands five hundred and eleven dollars, conditioned to await the decision of the court with respect to an attachment suit, in which he, the defendant, had attached his own debt in a suit against Richardson, the plaintiff in execution. The defendant in execution took a rule on the plaintiff and the sheriff, to show cause why the execution should not be quashed and set aside, on the ground that the debt and judgment had been seized under an attachment at the suit of the defendant against the plaintiff, for the sum of four thousand five hundred and sixty dollars.

On hearing the parties, the judge made the rule absolute, and set aside the execution. Richardson, the plaintiff in execution, appealed.

*M'Henry* for the appellant.

*Maybin,* contra.

*Martin, J.,* delivered the opinion of the court.

In this case, the plaintiff having obtained a judgment by default against the defendant for the sum of four hundred and ninety-six dollars, issued his execution thereon. The sheriff returned that Gurney had deposited in his hands the amount of the judgment and costs, but on the condition that it should remain and await the decision of an attachment case which he had against Richardson.

On this return being made, Gurney obtained a rule on Richardson, to show cause why the execution should not be quashed and set aside. The rule was afterwards made absolute, and the execution quashed accordingly. Richardson appealed.

It appears to this court that the execution ought not to have been quashed. It had been regularly issued. The contest between the same parties, but reversing their order, related to the regularity of the attachment. The question might have been settled by Gurney calling on the sheriff to return the attachment as duly executed; or by Richardson

An execution cannot be quashed and set aside, on the return of the sheriff, that the defendant has deposited the money in his hands, conditionally, to await the decision on an attachment of the debt, by the debtor himself in a suit against the plaintiff in execution.

Where a party obtains a judgment on a rule, in which he has mistaken his remedy, the judgment will be reversed and the rule discharged at his costs in both courts.

ing of that officer to pay him the money received on the execution. This would have brought the matter on which parties were at issue, fairly before the court. In this case, we think the appellee overlooked his remedy, and the court erred in quashing the execution.

EASTERN DIST.
*April,* 1835.

BANK OF LA.
*vs.*
STANSBURY
ET AL.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the rule be discharged, with costs in both courts.